[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a custody action brought by the plaintiff, Anthony Denning, the father of twin boys, born to Karen Nadeau, the defendant, on April 29, 1994.
The parties have stipulated and the court orders that custody be joint, with the defendant-mother designated as the primary caretaker of the children. The parties also agree and the court orders that the plaintiff-father has reasonable visitation with the children, in particular, every other Friday from 6:30 p. m. to the following Monday at 5:00 p. m. The final facet of the parties' agreement is that any uninsured, unreimbursed health expenses for the children be shared equally by the parties, and the court orders this provision also. CT Page 5799
The remaining issue for final disposition of this case is the matter of child support. Pursuant to C.S. § 46b-84 and 46b-215b, the court makes the following findings and orders. Based on the testimony adduced at trial and the parties' financial affidavits submitted in compliance with P.B. § 25-30(a), the court determines that the plaintiff's gross, weekly income is about $350.00, and his net, weekly income is about $293.00. The defendant's gross, weekly income is about $253.00, and her net about $141.00. Applying the child support guidelines, as indicated in the figures and calculations in the worksheet attached hereto, the court arrives at a weekly support obligation for the plaintiff of $110.00.
In assessing the plaintiff's income the court includes approximately $100.00 per week for secondary income which the plaintiff receives by renting a portion of the building in which his motorcycle parts store is located and for the sale of used parts independent of the sales occurring in his store.
In arriving at the defendant's income, the court declines to consider as part of her income the earned income credit to which she may be entitled under federal income tax law. It is speculative whether this credit will be available every year and in what amount. Also, the support guidelines specifically excludes similar federal assistance in the form of supplemental security income because such assistance is "a means tested federal assistance grant," Child Support Guidelines preamble § (f)(1)(C).
In summary, the court orders joint custody of the minor children, visitation as outlined above, a sharing of uninsured medical expenses for the children, and child support of $110.00 weekly payable by the plaintiff to the defendant.
Sferrazza, J.
APPENDIX A
 CONNECTICUT CHILD SUPPORT AND ARREARAGE GUIDELINES WORKSHEET A — PAGE 1
____________________ _____________________ _______________________ MOTHER FATHER NAME OF CUSTODIAN CT Page 5800
COURT ______________ D.N./CASE NO. _________ NUMBER OF CHILDREN ___
 CHILD'S NAME DATE OF BIRTH CHILD'S NAME DATE OF BIRTH _____________ _____________ _____________ _____________ _____________ _____________ _____________ _____________ _____________ _____________ _____________ _____________
 I. Net Income Computation (Weekly amounts) Mother FATHER -----------------------------------------------------------------
 1. Gross income (attach verification) $253 $350 ------ ------- 2. Number of exemptions for tax purposes 3 1 ------ ------- 3. Federal income tax $ 45.47 $ 57.13 ------ ------- 4. State and local income tax $ .13 $ ------ ------- 5. Social security tax or mandatory retirement $ 15.04 $ ------ ------- 6. Health insurance premiums (other than child) $ 3.51 $ ------ ------- 7. Union dues or fees $ $ ------ ------- 8. Unreimbursed work-related day care $ 47.00 $ ------ ------- 9. Other alimony and child support orders $ $ ------ ------- 10. Sum of lines 3 — 9 $111.15 $ 57.13 ------ ------- 11. Net income (line 1 minus line 10) $141 $293 ------- ------- II Current Support Determination
-----------------------------------------------------------------
12. Combined net weekly income (nearest $10.00) $430 ------- 13. Basic obligation (from schedule) $160 ------- 14. Check here if noncustodial parent is a low-income obligor (see instructions) -------
15. Child's health insurance premium $ $ ------- ------- 16. Total obligation (Line 13 minus noncustodial CT Page 5801 parent's line 15 amount if line 14 is checked; line 13 plus line 15 total for all other cases) $160.00 ------- 17. Each parent's decimal share of line 12 (If line 14 is checked, skip this line and line 19, and enter the line 16 amount in the noncustodial parent's column on line 18.) .33 .67 ------- ------- 18. Each parent's share of the total obligation (Line 17 times line 16 for each parent) $ $107.20 ------- ------- 19. Health insurance premium adjustment $ $ ------- ------- 20. Social security benefits adjustment $ $ ------- ------- 21. Sum of lines 19 and 20 (for each parent) $ $ ------- ------- 22. Recommended support amounts (Line 18 minus line 21) $ $107.20 ------- ------- 23. Current support order (Noncustodial parent(s) only. If different from line 22 amount, explain in section VI.) $ $110.00 ------- -------